# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____ :
                                :
MARIANNE P. D'ELIA and FRANCIS  :
J. D'ELIA,                      :
                                :          Civil Action No.
            Plaintiffs,         :          09-cv-1707 (NLH)(KMW)
                                :
      v.                        :          OPINION
                                :
GRAND CARIBBEAN COMPANY, LTD.,  :
individually and d/b/a The      :
Royal Caribbean, THE ROYAL      :
RESORTS GROUP, ROMBEC, S.A. DE  :
C.V., OPERADORA REAL CARIBE,    :
S.A. DE C.V., INTERVAL          :
SERVICING COMPANY, LLC, JOHN    :
DOE(S) I-X (fictitious names),  :
ABC, INC. I-X (fictitious       :
names), XYZ COMPANIES I-X       :
(fictitious names), and JOHN    :
FOES I-X (fictitious names),    :
                                :
            Defendants.         :
_____ :
```

**APPEARANCES**:

Gary Frederick Piserchia, Esquire
Parker McCay P.A.
Three Greentree Centre, Suite 401
7001 Lincoln Drive West
Route 73 & Greentree Road
P.O. Box 974
Marlton, NJ 08053-3292
*Attorney for Plaintiffs Marilyn P. D'Elia and Francis J. D'Elia*

Barbara J. Davis, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
*Attorney for Defendant Interval Servicing Company, LLC*

**HILLMAN, District Judge**

Plaintiffs, Marianne P. D'Elia and Francis J. D'Elia, are a married couple who own a timeshare interest in a resort in Cancun, Mexico.  While visiting the resort in Cancun, Marianne slipped on the floor and suffered severe injuries.  As a result, plaintiffs filed suit in this Court, alleging four counts against several defendants involved in the ownership and operation of, and ancillary matters associated with, the resort where Marianne was injured.  Among those defendants are Grand Caribbean Company, Ltd. ("Grand Caribbean"), also known as The Royal Caribbean, The Royal Resorts Group, Rombec, S.A. de C.V. ("Rombec"), Operadora Real Caribe, S.A. de C.V. ("Real Caribe"), and Interval Servicing Company, LLC ("Interval Servicing").[1]

In response to plaintiffs' action, Interval Servicing moved to dismiss the complaint, arguing that a forum selection clause in plaintiffs' agreement with Grand Caribbean designates Mexico as the proper venue for this case.  Alternatively, Interval Servicing submits that the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> also warrants dismissal of this case.  Plaintiffs oppose Interval Servicing's motion.

For the reasons expressed below, Interval Servicing's Motion

---

[1] Plaintiffs also named as defendants "John Doe(s) I-X," "ABC, Inc. I-X," "XYZ Companies, I-X," and "John Foe(s) I-X," all fictitious names for any unknown owners or operators of the Grand Caribbean or The Royal Resorts Group or for any other affiliates of the named defendants.

to Dismiss Plaintiffs' Complaint is denied.

## I.   <u>JURISDICTION</u>

This Court exercises subject matter jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1332.  There is complete diversity between plaintiffs and defendants in the underlying action.  Plaintiffs, Marilyn and Francis D'Elia, are citizens of the State of New Jersey.  Defendant, Grand Caribbean, is incorporated in the Cayman Islands with its principal place of business in Cancun, Quintana Roo, Mexico.  Defendants, The Royal Resorts Group, Rombec, and Real Caribe, are all incorporated in Mexico with their principal places of business in Cancun, Quintana Roo, Mexico.  Defendant, Interval Servicing, is a limited liability company organized in the State of Florida with its principal place of business in Fort Lauderdale, Florida.  Interval Servicing's sole member, David F. Wright, is a citizen of the State of Arizona.  Plaintiff alleges that the amount in controversy exceeds $75,000.00.

## II.   <u>BACKGROUND</u>

Beginning in 1990, plaintiffs were timeshare owners at The Royal Caribbean resort ("resort") and, thus, traveled to Cancun, Mexico on multiple occasions.[2]  In early April 2007, plaintiffs

_____

[2] As set forth below, given that the present matter comes before the Court by way of Interval Servicing's Motion to Dismiss, plaintiff's allegations are accepted as true and viewed in a light most favorable to plaintiff, as is required when reviewing a motion to dismiss.  <u>See</u> <u>Evancho v. Fisher</u>, 423 F.3d

3

traveled to Cancun to spend several days at the resort.  Upon arrival plaintiffs signed a registration card.  Featured in the middle of the card was a provision translated in both English and Spanish.  Germane to the present motion, the provision read, in part:

> I, the undersigned, with my signature below, hereby accept the following: . . . 3) I understand that the laws of the United States of Mexico, to the exclusion of the laws of any other jurisdiction whatsoever, shall apply to and shall govern, and the courts and authorities of the United States of Mexico shall have exclusive jurisdiction over any claim arising from any accident, injury or illness occurring during my stay at the Resort, or as a consequence thereof . . . .[3]

Each plaintiff signed the registration card.

On or about April 10, 2007, while proceeding along a walkway on the sixth floor of the resort, leading to an elevator near a villa, Marianne D'Elia lost her footing and fell to the ground. She sustained severe injuries, including a tear in her left

347, 350 (3d Cir. 2005).

[3] In addressing Interval Servicing's Motion to Dismiss, the Court may look to the registration card.  In ruling on a motion to dismiss, a court has "discretion to address evidence outside the complaint . . . ." CitiSteel USA, Inc. v. GE, 78 Fed. Appx. 832, 835 (3d Cir. 2003) (citation and internal quotation marks omitted).  Thus, the court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. (citation and internal quotation marks omitted). Here, plaintiff does not dispute the validity or significance of the registration card.  In fact, plaintiffs also furnish a copy of the card and reference it in their opposition to Interval Servicing's motion.

rotator cuff.

As a result of the accident, plaintiffs filed suit in this Court against several defendants, including Grand Caribbean, The Royal Resorts Group, Rombec, and Real Caribe -- all Mexican entities, say plaintiffs, who own, operate, manage, and or market the resort where Marianne was injured. Plaintiffs also named as a defendant Interval Servicing who, according to plaintiffs, also managed the resort and handled the management and operation of certain business and administrative duties for the other defendants, including collecting fees and arranging travel accommodations. As part of their complaint, plaintiffs allege that all of the defendants acted negligently in caring for and protecting plaintiffs during their time at the resort, thereby creating the dangerous conditions that caused Marianne to slip and fall on the premises. In light of defendants' alleged liability, plaintiffs seek recovery for negligence and loss of consortium, as well as punitive damages. Plaintiffs state that defendants are liable individually, jointly, and severally.

On or around August 18, 2009, Interval Servicing moved to dismiss plaintiffs' complaint on the grounds of the forum selection clause featured on the registration card and, alternatively, the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>. Plaintiffs oppose Interval Servicing's motion.

## III.  DISCUSSION

### A.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6),[4] a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings

---

[4] Courts have debated under which Federal Rule of Civil Procedure a forum selection clause should be addressed and enforced.  See Heide v. Seven Springs Farm, Inc., 2009 U.S. Dist. LEXIS 40488, at **6-7 (W.D. Pa. May 13, 2009) (comparing Rules 12(b)(3) and 12(b)(6)).  Consequently, Federal Rule of Civil Procedure 12(b)(6) has been identified as a proper mechanism to enforce a forum selection clause.  See Wall St. Aubrey Golf, LLC v. Aubrey, 189 Fed. Appx. 82, 84 n.1 (3d Cir. 2006); Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001); Heide, 2009 U.S. Dist. LEXIS 40488, at *7; Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen, 188 F. Supp. 2d 454, 457 (D.N.J. 2001).

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984) (citation and internal quotation marks omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)). Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis. First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

("The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting <u>Twombly</u>, 550 U.S. at 556)). The defendant bears the burden of showing that no claim has been presented. <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005).

**B.   Forum Selection Clause**

Interval Servicing believes that the forum selection clause featured on the registration card signed by each plaintiff requires that this case be brought in Mexico and, thus, that this Court is an improper venue. Plaintiffs oppose Interval Servicing's assertion. However, as a threshold matter, plaintiffs challenge Interval Servicing's standing to invoke the forum selection clause.

**1.   Standing**

Plaintiffs argue that Interval Servicing does not have standing to enforce the forum selection clause featured on the registration card. According to plaintiffs, Interval Servicing is a non-signatory to the contract and is not a third-party beneficiary as intended by the parties. Therefore, plaintiffs

conclude that Interval Servicing cannot rely on the clause.  On the contrary, Interval Servicing contends that its standing to enforce the clause is predicated on the alleged agency relationship between itself and other defendants who are direct parties to the contract.  Moreover, Interval Servicing opines that it is a third-party beneficiary to the contract and that the Court's decision to not enforce the clause would prejudice Interval Servicing because all potential witnesses and evidence are located in Mexico and are beyond the jurisdiction of this Court.

In the Third Circuit, a non-signatory party may enforce a forum selection clause in a contract if that party is a third-party beneficiary of the contract or is closely related to the contractual relationship or dispute such that it is foreseeable that the party will be bound.[5]  See Coastal Steel, Corp. v.

---

[5] Because matters of venue and forum selection clauses are procedural in nature, federal law governs the construction and application of forum selection clauses in diversity cases.  See Jumara v. State Farm Ins., Co., 55 F.3d 873, 877 (3d Cir. 1995).

Further, it is worth noting at the outset of this analysis that Third Circuit jurisprudence interpreting and applying arbitration clauses has often extended to or substantially informed our Circuit's jurisprudence relating to forum selection clauses.  See, e.g., Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1298 n.9 (3d Cir. 1996) (noting that "[w]hile, technically, one clause concerns arbitration and only one is truly a forum selection clause, the distinction is irrelevant" for analytical purposes); Hay Acquisition Co. v. Schneider, 2005 U.S. Dist. LEXIS 24490, at *26 (E.D. Pa. Apr. 27, 2005) (referring to the "closely-analogous arbitration clause context" to analyze the application of a forum selection clause to a non-signatory party).

Tilghman Wheelabrator, 709 F.2d 190, 203 (3d Cir. 1983); Four River Exploration, LLC v. Bird Res., Inc., 2010 U.S. Dist. LEXIS 3227, at *7 (D.N.J. Jan. 15, 2010); Hadley v. Shaffer, 2003 U.S. Dist. LEXIS 14106, at *10 (D. Del. Aug. 12, 2003); Jordan v. SEI Corp., 1996 U.S. Dist. LEXIS 7627, at *20 (E.D. Pa. Jun. 4, 1996); cf. Burtch v. Sec. Pac. Bank Oregon, 247 B.R. 395, 398 n.4 (E.D. Pa. 2000) ("There is an argument to be made that non-parties to a contract seeking to enforce a forum selection clause should be required to make an even greater showing than parties to a contract seeking to enforce such a clause against non-parties.").

In this case, the parties dispute whether Interval Servicing was a third-party beneficiary entitled to enforce the forum selection clause at issue. "To qualify as a third-party beneficiary, it must be shown that the contract was 'made for the benefit of that third party within the intent and contemplation of the contracting parties.'" Hadley, 2003 U.S. Dist. LEXIS 14106, at **13-14 (quoting Grand St. Artists v. Gen'l Electric. Co., 19 F. Supp. 2d 242, 253 (D.N.J. 1998)). A forum selection clause is not enforceable by merely an incidental third-party beneficiary. See E.I. Dupont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 196 (3d Cir. 2001) (stating that "if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third

10

party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract" because the third party is nothing "more than an incidental third party beneficiary"); Prinzivalli v. Aruba Phoenix Beach Resort, 2008 U.S. Dist. LEXIS 22202, at *4 (D.N.J. Mar. 20, 2008) ("Without this intention to confer a benefit, the third party just so happens to benefit and he or she will have no contractual rights under the agreement.  An incidental beneficiary is not bound by a forum selection clause." (citing Reider Communities, Inc. v. N. Brunswick Twp., 546 A.2d 563, 567 (N.J. App. Div. 1988))). Accordingly, a court must examine the contract's terms and the surrounding circumstances to discern whether the contracting parties intended to confer benefits on the non-signatory party. Prinzivalli, 2008 U.S. Dist. LEXIS 22202, at *4.

Here, there is no persuasive argument or evidence to suggest that Interval Servicing was an intended third-party beneficiary of the forum selection clause signed by plaintiffs upon their arrival at the resort.  The parties agree that Interval Servicing performs certain administrative and business services on behalf of the other defendants.  While plaintiffs also allege that Interval Servicing may manage or maintain the resort's premises,

11

Interval Servicing readily denies that allegation.[6]  Accordingly, these averments alone, uncorroborated and disputed in part, do not, as a matter of law, render Interval Servicing a third-party beneficiary who is bound by and may enforce the forum selection clause at issue.

The forum selection clause, signed by plaintiffs upon their arrival at the resort, is broad in scope, declaring Mexico the appropriate forum for "any claim" arising during the guests' stay.  Although, on its face, the clause may seem to benefit multiple non-signatory parties affiliated with the resort, nothing in the clause, plaintiffs' complaint, or the parties' briefs clearly and unequivocally illustrates the intent of the signatories to extend the benefits of the forum selection clause to Interval Servicing.  Interval Servicing's inability to demonstrate its status as a third-party beneficiary is evinced further by its own representation that it was not involved in the management or maintenance of the resort's premises, and, thus, was seemingly beyond the parties' contemplation and intention when agreeing to the contract.  Cf. E.I. Dupont de Nemours & Co., 269 F.3d at 199 (refusing to bind non-signatory parent

_____

[6] In support of its Motion to Dismiss, Interval Servicing acknowledges that it "provides specific services for Royal Resorts which include services related to the collection of fees for Royal Resorts," but denies that it "advertise[s], procure[s] business for Royal Resorts, or ha[s] any control over the physical properties of Royal Resorts."

corporation to arbitration agreement of its subsidiary).

Even if it is not a third-party beneficiary for purposes of
the forum selection clause, Interval Servicing still contends
that it may enforce the clause on account of its alleged close
relationship to the contracting parties and the dispute in this
case.  In the Third Circuit, those circumstances in which a non-
signatory party may enforce the forum selection clause are
limited, often reserved to matters of agency or employment or to
principles of common law contracts.[7]  See Hay Acquisition Co. v.
Schneider, 2005 U.S. Dist. LEXIS 24490, at *26 (E.D. Pa. Apr. 27,
2005) (analogizing forum selection clause analysis with that of
arbitration clause and explaining that "the Third Circuit

_____

[7] Absent any proof that Interval Servicing is an agent,
employee, or an entity with a comparable relationship to a
signatory-defendant, Interval Servicing cannot enforce the forum
selection clause because there is no indication that it belongs
to the category of entities that are normally characterized as
"closely related" to a signatory for purposes of the enforcement
of a forum selection clause or a similar contractual provision.
See, e.g., Dayhoff Inc., 86 F.3d at 1296 (rejecting Ninth
Circuit's precedent liberally allowing non-signatories to enforce
arbitration and forum selection clauses); Foley & Lewis Racing,
Inc. v. Burling, 2008 U.S. Dist. LEXIS 14612, at **9-10 (D.N.J.
Feb. 27, 2008) (holding that chief executive officer of signatory
corporation, who signed pertinent contract in that capacity, may
enforce forum selection clause); Affiliated Mortg. Prot., LLC v.
Tareen, 2007 U.S. Dist. LEXIS 5106, at **11-12 (D.N.J. 2007)
(holding that employees and officers of signatory may be bound by
forum selection clause); Burtch, 247 B.R. at 398-99 ("The cases
in which courts have concluded that there was a sufficiently
close relationship have all involved non-parties who were
proximate to the contract at the time of formation, such as
third-party beneficiaries, officers in a signatory corporation,
or owners of a signatory corporation." (internal citations
omitted)).

explicitly stated its willingness to hold 'a variety of
nonsignatories . . . bound by such agreements under ordinary
common law contract and agency principles"); see also E.I. Dupont
de Nemours & Co., 269 F.3d at 194 (explaining that "a non-
signatory cannot be bound to arbitrate unless it is bound under
traditional principles of contract and agency law to be akin to a
signatory of the underlying agreement" (citation and internal
quotation marks omitted)).

     As highlighted by Interval Servicing, plaintiffs' complaint
alleges that Interval Servicing "is an agent, employee and/or
partner" of the other defendants named in the suit.  That
generalized averment is entirely conclusory in nature and, in and
of itself, does not resolve the question of Interval Servicing's
relationship to the other defendants or the registration card in
this case.  Interval Servicing, nevertheless, argues that this
Court may accept the complaint's allegations as true for purposes
of enforcing the forum selection clause and, based on those
allegations, may determine that Interval Servicing is an agent,
employee, or affiliate of the other defendants who has standing
to invoke the clause.  However, just as Interval Servicing
believes that plaintiffs cannot use their theory of agency both
as a shield and a sword, nor should Interval Servicing.

     Interval Servicing expressly denies that it shares an agency

relationship with any of the other defendants in this case.[8]
Further, no evidence or documentation, including the registration
card, illuminates the relationship between Interval Servicing and
the other defendants.  While obligated to accept plaintiffs'
allegations as true, the Court cannot conclude, in an independent
matter relating to contract construction and common law
jurisprudence, that Interval Servicing is actually an agent,
employee, or partner of the other defendants merely because
plaintiffs say so.  See E.I. Dupont de Nemours & Co., 269 F.3d at
197 (refusing to find that plaintiff, who identified itself in
its complaint as a third-party beneficiary of an agreement, was
in fact such a beneficiary simply on the basis of its averment
because "the question of its status is ultimately for us to
decide under applicable law").[9]  Again, the Court's reluctance is

_____

[8] Specifically, in its reply to plaintiffs' opposition to its
Motion to Dismiss, Interval Servicing "vigorously denies that
there was or is an agency relationship" between itself and any
other defendants.

[9] Interval Servicing cites to Mutual Benefit Life Insurance,
Company v. Zimmerman, 783 F. Supp. 853 (D.N.J. 1992), for the
proposition that "to determine whether an agency relationship
exists, courts look to the terms of the agreement and the
allegations of the complaint."  Id. at 866.  While a complaint's
allegations may assist in discerning the relationship between
parties, it remains imperative that a court have a firm
evidential basis, other than mere accusations, when resolving a
legal question that ultimately dictates a party's legal status,
rights, and liabilities.  This seems particularly true when, as
here, the party seeking to enforce a forum selection clause
relies on the alleged agency relationship while, at the same
time, denying its existence.  See id. (finding that moving
parties "have not presented facts to support their allegations of

15

bolstered by Interval Servicing's own denials of such a
relationship.[10]

At a later time, if further evidence reveals that Interval
Servicing was a third-party beneficiary of the forum selection
clause or shares a relationship with the other defendants
entitling it to invoke the forum selection clause, then Interval

---

an agency relationship"). Other than the complaint, there is
simply nothing else before the Court to convince it that an
agency relationship exists between Interval Servicing and the
other defendants that would enable Interval Servicing to enforce
the forum selection clause. Moreover, it is not enough that an
agency relationship may have existed between Interval Servicing
and a signatory-defendant; for Interval Servicing to enforce the
forum selection clause, the agency relationship between the
parties would have had to relate to, or implicate, the
registration card. Again, no evidence demonstrates as much here.

[10] Interval Servicing also suggests in its motion that
plaintiffs should not be able to escape the effect of the forum
selection clause because they agreed to it and, thus, would
suffer no prejudice by its enforcement. This argument sounds of
equitable estoppel. A contractual provision may be enforced by a
non-signatory against a signatory in accordance with equitable
estoppel dependent upon "the close relationship between the
entities involved, as well as the relationship of the alleged
wrongs to the nonsignatory's obligations and duties in the
contract . . . and the fact that the claims were intimately
founded in and intertwined with the underlying contractual
obligations." E.I. Dupont de Nemours & Co., 269 F.3d at 199
(citation, internal quotation marks, and brackets omitted).
     As explained above, the Court cannot determine that, in
spite of plaintiffs' allegations, Interval Servicing shares such
a close relationship with the other defendants and the contract
at issue. Moreover, it is not clear that Interval Servicing
would willingly subject itself to the jurisdiction of a Mexican
court were this suit dismissed. See Xantrex Tech. Inc. v. Adv.
Energy Indus., 2008 U.S. Dist. LEXIS 41206, at **24-25 (D. Colo.
May 23, 2008) (refusing to enforce forum selection clause
pursuant to equitable estoppel because, in part, non-signatory
did not agree to submit itself to the jurisdiction of foreign
forum).

Servicing may file another motion to dismiss.[11]

Accordingly, for the reasons stated above, Interval Servicing's Motion to Dismiss on account of the forum selection clause is denied, without prejudice.[12]

### C.   **Forum Non Conveniens**

Alternatively, Interval Servicing contends that the doctrine of forum non conveniens counsels in favor of dismissing plaintiffs' complaint.  According to Interval Servicing, Mexico provides a more convenient forum for litigation, especially with the majority of defendants being Mexican entities.  Further, as

---

[11] If at some point it becomes clear that, for example, Interval Servicing acted as an agent or employee of a signatory-defendant and that Interval Servicing's alleged liability arose during the course of that relationship, then Interval Servicing may choose to submit another motion to dismiss in which it seeks to enforce the forum selection clause.  On the contrary, if plaintiffs' suit is ultimately contingent upon a fact that it cannot prove -- such as an agency relationship between Interval Servicing and other defendants, or Interval Servicing's control over the resort's premises -- then, presumably, Interval Servicing may choose to seek dismissal of this action for failure to state a claim upon which relief may be granted or to present a genuine issue of material fact.  Either way, the Court is not in a position at this time to determine definitively that Interval Servicing has standing to enforce the forum selection clause based on a purportedly close, albeit disputed, relationship with a signatory-defendant, the scope of which is delineated only in the bald assertions of a complaint.

[12] Because the Court cannot conclude at this time that Interval Servicing has standing to enforce the forum selection clause, the Court will not address whether the clause is valid and enforceable.  If the forum selection clause is raised in a subsequent motion to dismiss, whether it be by Interval Servicing or another defendant, then the Court will evaluate the reasonableness, fairness, and enforceability of the clause.

17

illustrated by evaluating a number of relevant considerations, asserts Interval Servicing, a federal court in New Jersey is an unreasonable and unfair forum because the site of the accident, any witnesses to or employees responsible for the accident, the other named defendants, and Marianne's initial medical treatment all occurred or are all located in Mexico.  Therefore, Interval Servicing disputes plaintiffs' attempt to pursue their claims here.

On the other hand, plaintiffs opine that Interval Servicing has not satisfied its burden to justify dismissal pursuant to forum non conveniens.  In particular, plaintiffs assert that Mexico may not provide an adequate alternative forum, that the State of New Jersey has an interest in providing a forum for its citizens to seek redress, and that difficulties in transporting witnesses will arise no matter where the litigation is held.

Regarding the doctrine of forum non conveniens, the Supreme Court of the United States has held:

> A federal court has discretion to dismiss a case on the ground of forum non conveniens "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."

Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (quoting American Dredging Co. v. Miller, 510 U.S.

18

443, 447-48 (1994)).  Generally, the defendant invoking the
doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> carries the burden to justify
dismissal of the plaintiff's suit in the chosen forum.  <u>Bhatnagar</u>
<u>by Bhatnagar v. Surrendra Overseas</u>, 52 F.3d 1220, 1226 (3d Cir.
1995).

At the outset of the <u>forum</u> <u>non</u> <u>conveniens</u> analysis, the
defendant must demonstrate that another forum is adequate and
available to adjudicate the parties' case.  <u>Lacey v. Cessna</u>
<u>Aircraft Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991).  If the defendant
carries its initial burden, the court then must determine whether
private and public interests decidedly weigh in favor of
dismissal and trial in the foreign forum.[13]  <u>Id.</u>

---

[13] Among the private interests to be considered are the

    relative ease of access to sources of proof,
    availability of compulsory process for
    attendance of unwilling, and the cost of
    obtaining attendance of willing, witnesses;
    possibility of view of premises, if view would
    be appropriate to the action; and all other
    practical problems that make a trial of a case
    easy, expeditious and inexpensive.

<u>Lacey</u>, 932 F.2d at 180 (quoting <u>Gulf Oil Corp. v. Gilbert</u>, 330
U.S. 501, 508 (1947)).

Among the public interests are the

    the administrative difficulties flowing from
    court congestion; the local interest in having
    localized controversies decided at home; the
    interest in having the trial of a diversity
    case in a forum that is at home with the law
    that must govern the action; the avoidance of
    unnecessary problems in conflict of laws, or

In this case, Interval Servicing fails to satisfy the threshold issue in the forum non conveniens analysis –– demonstrating that Mexico provides an adequate alternative forum for plaintiffs to pursue their suit.  To determine the adequacy of a proposed alternative, foreign forum, the defendant must show its "amenability to process in the foreign jurisdiction and the existence of a satisfactory remedy there."  Miller v. Boston Sci. Corp., 380 F. Supp. 2d 443, 447-48 (D.N.J. 2005).  Although the inquiry into the adequacy of the alternative forum is limited, Interval Servicing sets forth nothing more than conclusory statements assuring the Court that plaintiffs could pursue their action in Mexico against the other defendants.  However, in so doing, Interval Servicing does not explicitly concede that it is subject to the jurisdiction of Mexican courts or that it would waive any jurisdictional or other legal obstructions that may impede plaintiffs' case there.  See Micro Agri-Equip. v. Sperry-New Holland Div. of Sperry, Inc., 1985 U.S. Dist. LEXIS 13038, at *4 (E.D. Pa. Dec. 9, 1985) (explaining that adequate alternative forum exists, for purposes of dismissal pursuant to forum non conveniens, because defendant agreed to waive all objections,

--------

in   application   of   foreign   laws;   and   the unfairness   of   burdening   citizens   in   an unrelated forum with jury duty.

Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

including statute of limitations, and to participate in discovery in new forum).

Further, Interval Servicing proffers no authority to illustrate the existence of a satisfactory remedy for plaintiffs in Mexico or that their suit would survive Mexico's statute of limitations.  See Bhatnagar by Bhatnagar, 52 F.3d at 1225 (stating that "a district court cannot dismiss on forum non conveniens grounds if that decision would render a plaintiff unable to pursue his or her action elsewhere"); First Colonial Ins. Co. v. Custom Flooring, Inc., 2007 U.S. Dist. LEXIS 40457, at **13-14 (D.N.J. Jun. 4, 2007) (noting that a statute of limitations defense in a proposed alternative forum may deem the forum "inadequate" for purposes of forum non conveniens); see also MSC Mediterranean Shipping Co. v. Koninklijke Boskalis Westminster NV, 569 F.3d 189, 202 (4th Cir. 2009) (stating "that if the statute of limitations has expired in the alternative forum, the forum is not available, and the motion to dismiss based on forum non conveniens would not be appropriate").

Because Interval Servicing has failed to satisfy this threshold inquiry, the Court need not delve any further into its forum non conveniens analysis.[14]  See Steward Int'l Enhanced

_____

[14] The Court, nevertheless, acknowledges that Interval Servicing represents that the majority of relevant witnesses and evidence may be found in Mexico.  However, as likely as this may be, Internal Servicing does not state with any specificity who those witnesses may be or what evidence may be relevant and

Index Fund v. Carr, 2010 U.S. Dist. LEXIS 5047, at *8 (D.N.J.
Jan. 22, 2010) ("To secure a dismissal on forum non conveniens
grounds, Defendants must meet the threshold requirement by
demonstrating that there is an adequate alternative forum.  As
the moving party, Defendants bear the burden of proof on this
matter."); Miller, 380 F. Supp. 2d at 448 (stating that whether
an adequate alternative forum exists "must be resolved before
reaching other stages of the forum non conveniens analysis"); see
also Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1172 (10th Cir. 2009)
(stating that if defendant fails to show an adequate alternative
forum exists, "the forum non conveniens doctrine is inapplicable"
(citation and internal quotation marks omitted)).

        For the foregoing reasons, the Court concludes that Interval
Servicing has not carried its burden to justify dismissal
pursuant to the doctrine of forum non conveniens.  Nevertheless,
the denial of Interval Servicing's motion is without prejudice,
and Interval Servicing may resubmit a motion to dismiss on those
grounds at a later time when it may make a more sufficient
showing.[15]

_____

discoverable in Mexico so that the Court can conduct a meaningful
forum non conveniens analysis.

        [15] Finally, the Court acknowledges Interval Servicing's
arguments that the Mexican entities named as defendants in this
case are indispensable parties to the litigation and that the
majority of witnesses and evidence may be found in Mexico and may
be beyond the jurisdictional reach of this Court.  Although both
of these assertions are worthy of consideration, neither warrants

**IV.   CONCLUSION**

      For the foregoing reasons, Interval Servicing's Motion to Dismiss is denied, without prejudice.  An Order consistent with this Opinion shall be entered.


DATED:  __March 30, 2010__        __/s/ NOEL L. HILLMAN____
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

dismissal at this time.  In their complaint, plaintiffs allege that each defendant is individually, jointly, and severally liable.  Without more information, this Court will not find that the non-participation of the Mexican entities thus far in this case should enable Interval Servicing to escape its potential liability for its own alleged misconduct.  Further, if plaintiffs are unable to secure witnesses or evidence necessary to prosecute their case, Interval Servicing may then seek to terminate this matter.