UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIANNE P. D'ELIA and FRANCIS J. D'ELIA, | : : : : | |
| Plaintiffs, | : : | Civ. A. No. 09-1707 (NLH)(KMW) |
| v. | : : | **OPINION** |
| GRAND CARIBBEAN COMPANY, LTD., individually and d/b/a The Royal Caribbean, THE ROYAL RESORTS GROUP, ROMBEC, S.A. DE C.V., OPERADORA REAL CARIBE, S.A. DE C.V., INTERVAL SERVICING COMPANY, LLC, JOHN DOE(S) I-X (fictitious names), ABC, INC. I-X (fictitious names), XYZ COMPANIES I-X (fictitious names), and JOHN FOES I-X (fictitious names), | : : : : : : : : : : : : : | |
| Defendants. | : : | |

**APPEARANCES**

Gary Frederick Piserchia, Esquire
Parker McCay P.A.
Three Greentree Centre, Suite 401
7001 Lincoln Drive West
Route 73 & Greentree Road
P.O. Box 974
Marlton, NJ 08053-3292

   *Attorneys for Plaintiffs Marilyn P. D'Elia
      and Francis J. D'Elia*

Barbara J. Davis, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

> *Attorneys for Defendants Interval Servicing Company, LLC, Rombec, S.A. DE C.V., and Operadora Real Caribe, S.A. DE C.V.*

**HILLMAN, District Judge**:

This case concerns injuries allegedly sustained when Plaintiff Marianne P. D'Elia slipped and fell while vacationing at a resort in Cancun, Mexico where she owns a timeshare. Presently before the Court is the motion of Defendants Rombec, S.A. DE C.V. ("Rombec") and Operadora Real Caribe, S.A. DE C.V. ("Operadora") seeking dismissal of Plaintiffs' claims for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). Defendants alternatively argue that the complaint should be dismissed based on a forum selection agreement to adjudicate claims in Mexico, and that the complaint is subject to dismissal under the doctrine of <u>forum non conveniens</u>.[1]  For the reasons expressed below, Defendants' motion to dismiss on personal

---

1.  Defendant Interval Servicing Company, LLC ("Internal Servicing") previously sought dismissal of the complaint under the doctrine of <u>forum non conveniens</u> and on the basis of a forum selection clause.  By Opinion and Order dated March 30, 2010, the Court denied Internal Servicing's motion.  Defendant Grand Caribbean Company, Ltd. has not yet entered an appearance in this matter.

2

jurisdiction grounds is granted.

## I. JURISDICTION

This Court exercises subject matter jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1332.  The Court found in its Opinion dated March 30, 2010 that there is complete diversity between Plaintiffs and Defendants in this case.  Although the defendants challenge this Court's personal jurisdiction, "it is well established that the trial court has inherent power and jurisdiction to decide whether it has jurisdiction."  See In re Automotive Refinishing Paint Antitrust Litig., 358 F.3d 288, 303 (3d Cir. 2004).

## II. BACKGROUND

The facts as alleged in Plaintiffs' complaint are set forth in the March 30, 2010 Opinion and are incorporated herein by reference.  The Court at this time will address only those additional facts relevant to the pending motion to dismiss.

Defendant Rombec is a business entity organized under the laws of Mexico.  (Decl. of Alfredo Espinosa Corona (hereinafter, "Corona Decl.") ¶ 3.)  Rombec's principal place of business is Cancun, Quintana Roo, Mexico.  (Id. at ¶ 4.)  Rombec's sole business is to own the lands and improvements where two timeshare vacation resorts, "The Royal Caribbean" and "The Royal Mayan," are located.  (Id. at ¶ 5.)  Rombec does not transact any

3

business in New Jersey, nor is it authorized to transact business in New Jersey. (Id. at ¶ 7.) Rombec does not maintain an office, employees, agents, bank accounts, telephone listings or other real estate in New Jersey. (Id. at ¶ 8.) Rombec does not supply goods or services in New Jersey, and it does not advertise or solicit business in New Jersey or from New Jersey residents. (Id. at ¶¶ 9, 10.)

Defendant Operadora is a business entity organized under the laws of Mexico. (Decl. of Rossana Mercedes Escalante Cisneros (hereinafter, "Cisneros Decl.") ¶ 3.) Operadora's principal place of business is Cancun, Quintana Roo, Mexico. (Id. at ¶ 4.) Operadora's principal business is the operation and management of "The Royal Caribbean." (Id. at ¶ 5.) Operadora does not transact any business in New Jersey, nor is it authorized to transact business in New Jersey. (Id. at ¶ 7.) Operadora does not maintain an office, employees, agents, bank accounts, telephone listings or other real estate in New Jersey. (Id. at ¶ 8.) Operadora does not supply goods or services in New Jersey, and it does not advertise or solicit business in New Jersey or from New Jersey residents. (Id. at ¶¶ 9, 10.)

In an "Agreement to Provide Operating and Maintenance Services" between Rombec and Operadora, dated January 1, 2000, Rombec acknowledged that it is "the owner of the tourism

4

development known as THE ROYAL CARIBBEAN . . . [which] development consists of 207 villas, completely furnished and equipped with central air conditioning, televisions, lock boxes, kitchenette[s], dishwasher[s], etc. . . .[.]" (Corona Decl., Ex. A at 1.) Rombec further acknowledged that it required operating and maintenance services for the villas and the common areas. (Id.) Operadora, through the Agreement, "agree[d] to provide the operating and maintenance services for the development known as 'The Royal Caribbean', including both normal as well as corrective maintenance services . . . [.]" (Id. at 2.)

Another agreement at issue in this case is a "Membership Agreement" between Plaintiffs and Defendant Grand Caribbean Company, Ltd. ("GCC"). The Membership Agreement indicates that GCC had entered into a contract with Rombec by which GCC agreed "to provide funds to [Rombec] to completely furnish and equip villas, common areas, and recreation facilities in [Rombec's] Cancun resort development operated under the name of Royal Caribbean[.]" (Pls.' Br. in Opp. to Defs.' Mot. to Dismiss (hereinafter, "Pls.' Opp. Br.") Ex. 2 at 2.) The Membership Agreement also contains reference to a collateral agreement between Rombec and GCC by which it was "stipulated that these villas and recreational amenities will be used exclusively by members of [GCC] during annual vacation intervals." (Id.)

5

### III. **DISCUSSION**

#### A.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817, 113 S. Ct. 61, 121 L. Ed. 2d 29 (1992) (citations omitted).[2]

---

2. There is a "significant procedural distinction" between a motion pursuant to Rule 12(b)(2) and a motion pursuant to Rule 12(b)(6). Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). "A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." Id. (citation omitted).

6

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"  Fed. R. Civ. P. 4(k)(1)(A).  "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004)(citations omitted).  The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process."  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and

7

protections of [the forum State's] laws.'"  Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); see also Burger King Corp., 471 U.S. at 472, 475, 105 S. Ct. 2174 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal

8

jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state.  Id. at 416, 104 S. Ct. 1868.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test.  Burger King Corp., 471 U.S. at 476, 105 S. Ct. 2174 (quoting Int'l Shoe, 326 U.S. at 320, 66 S. Ct. 154).  In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  Id. at 477, 105 S. Ct. 2174 (citing World Wide Volkswagen, 444 U.S. at 292, 100 S. Ct. 559).

**B.   Analysis**

In their opposition brief, Plaintiffs only address specific personal jurisdiction and do not contend that either Rombec or Operadora are subject to the Court's exercise of personal

jurisdiction through principles of general jurisdiction.[3] Therefore, the Court considers herein only whether the Court may exercise specific personal jurisdiction over Operadora and Rombec.

The Third Circuit sets forth a three-part test for determining whether the Court may exercise specific jurisdiction over a defendant.  First, the defendant must have "'purposefully directed [its] activities' at the forum."  O'Connor, 496 F.3d at 317 (quoting Burger King, 471 U.S. at 472, 105 S. Ct. 2174).  Second, "the litigation must 'arise out of or relate to' at least one of those activities."  Id. (quoting Helicopteros, 466 U.S. at 414, 104 S. Ct. 1868; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994)).  Third, if the first two prongs are met, then the Court "may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.''"  Id. (quoting Burger King, 471 U.S. at 476, 105 S. Ct. 2174).

The Court may summarily grant the motion of Operadora to

---

3.  The Court notes that Plaintiffs allege in the complaint that all of the defendants "are doing business in New Jersey, not occasionally or casually, but systematically and continuously[.]" (Compl. ¶ 9.)  However, Plaintiffs neither provide evidence to support this conclusory assertion concerning general jurisdiction nor address the applicability of general jurisdiction in their opposition papers.

10

dismiss Plaintiffs' claims against this defendant on personal jurisdiction grounds.  In the complaint, Plaintiffs allege that Operadora is "engaged in the business of operating and/or managing public accommodations including hotels, resorts, and/or villas for the purpose and business of renting/selling rooms in lodgings to the general public including the plaintiffs, and individually and through its agents, advertises and solicits business in New Jersey and/or from New Jersey residents." (Compl. ¶ 5.)  Operadora, however, provided the Court with a Declaration of Rossana Mercedes Escalante Cisneros, Operadora's legal representative, setting forth in detail Operadora's lack of contacts with New Jersey.  In particular, the Court notes that contrary to Plaintiffs' allegations in the complaint, Ms. Cisneros states that Operadora does not transact any business in New Jersey, does not supply goods or services in the State of New Jersey, and does not advertise or solicit business in New Jersey or from New Jersey residents.  (Cisneros Decl. ¶¶ 7-10.) Plaintiffs do not dispute these assertions.

Although Plaintiffs generally opposed Operadora's motion to dismiss, Plaintiffs' brief contains no facts or citation to legal authority to support their conclusory assertion that Operadora has contacts with New Jersey.  As such, Plaintiffs fail to meet their burden of demonstrating that the Court may exercise

11

personal jurisdiction over Operadora, and the motion to dismiss will be granted with respect to this defendant.

The sole factual basis of Plaintiffs' claim for personal jurisdiction over Rombec is Rombec's relationship with Grand Caribbean Company, Ltd. ("GCC"). (Pls.' Opp. Br. 5.) Plaintiffs contend that Rombec, through its purported agent, GCC, purposefully directed activities to New Jersey by virtue of the Membership Agreement and GCC's ongoing relationship with Plaintiffs. (Id.) Plaintiffs argue that when GCC solicited business with Plaintiffs, sold Plaintiffs a timeshare and entered into a contract with Plaintiffs, GCC allegedly purposefully availed itself of the privilege of conducting business in New Jersey. (Id. at 5-6.) Plaintiffs then argue that GCC's alleged contacts with New Jersey should be attributed to Rombec because GCC is purportedly Rombec's agent. (Id. at 6.) Plaintiffs infer that an agency relationship between GCC and Rombec exists based on a reference in the Membership Agreement to separate contracts between GCC and Rombec. (Id.) Plaintiffs seek jurisdictional discovery to determine the precise nature of the relationship between GCC and Rombec. (Id. at 8.)

Plaintiffs rely on Mastondrea v. Occidental Hotels Management S.A., 391 N.J. Super. 261, 918 A.2d 27 (N.J. Super. App. Div. 2007), in support of their argument that an agency

12

relationship between GCC and Rombec is sufficient to confer jurisdiction over Rombec.  In Mastondrea, a New Jersey resident traveled to Mexico after seeing a local advertisement in the Newark Star Ledger for an all-inclusive resort in Mexico.  Id. at 267.  The advertisement had been placed by Libgo Travel, Inc., which had headquarters in New Jersey.  Id.  The plaintiff, after falling and sustaining injuries at the hotel, filed suit in New Jersey.  Id.  The Appellate Division, affirming the trial court's determination, concluded that New Jersey had specific personal jurisdiction over the hotel, even though the hotel had no direct presence in New Jersey.  Id. at 270.  The Appellate Division found that a contract between the hotel and Libgo, a New Jersey entity, by which Libgo agreed to solicit business for the hotel, and the hotel purposefully and successfully sought vacationers from New Jersey, was sufficient to have placed the hotel on notice that it may have been subject to suit in New Jersey.  Id. at 270-71.

Mastrondrea is distinguishable from the present case because there is no evidence or allegation here that Rombec, individually or through GCC,[4] targeted Plaintiffs in New Jersey.  Plaintiffs

---

4.  The Court need not decide at this time whether GCC is an agent of Rombec.  Plaintiffs fail to demonstrate the existence of personal jurisdiction even assuming, for purposes of this motion only, that GCC is an agent of Rombec.

13

apparently believe that because they are New Jersey residents, any contacts by foreign entities with them – even if such contacts occur outside of New Jersey – are sufficient to confer jurisdiction.  The proper focus of a personal jurisdiction inquiry, however, is not whether Defendants had contacts with New Jersey residents.  See O'Connor, 496 F.3d 312, 318 ("Contact with vacationing Pennsylvanians is no substitute for contact with Pennsylvania.  A Philadelphia vendor may sell a lot of cheesesteaks to German tourists, but that does not mean he has purposefully availed himself of the privilege of conducting activities within Germany.")

To satisfy the "purposeful availment" prong of the specific jurisdiction test, the defendant must have deliberately targeted the forum state.  O'Connor, 496 F.3d at 317.  New Jersey courts have recognized that advertising and other marketing activities in New Jersey by a hotel or resort located in another state or country may be sufficient to establish specific jurisdiction over a claim by a New Jersey resident who is enticed by that marketing activity to go to the hotel or resort.  See, e.g., Mastondrea, 391 N.J. Super. at 268-77, 918 A.2d 27; Makopoulos v. Walt Disney World, Inc., 221 N.J. Super. 513, 516-19, 535 A.2d 26 (N.J. Super. Ct. App. Div. 1987), certif. denied, 117 N.J. 661, 569 A.2d 1354 (1989); Radigan v. Innisbrook Resort & Golf Club, 142

14

N.J. Super. 419, 422-25, 361 A.2d 610 (N.J. Super. Law Div. 1976), aff'd in relevant part, rev'd on unrelated issue, 150 N.J. Super. 427, 430, 375 A.2d 1229 (N.J. Super. App. Div. 1977).

In O'Connor, the Third Circuit similarly found that the district court had specific personal jurisdiction over a foreign defendant hotel based on solicitations in Pennsylvania. The Pennsylvania plaintiff, while on vacation at a Barbados hotel that he had visited once before, slipped and fell at the hotel's spa and thereafter sued the hotel for negligence. The Third Circuit held that the hotel had "deliberately reached" into Pennsylvania because, after the plaintiff's earlier visit, the hotel "continued to cultivate the relationship by mailing seasonal newsletters to [his] Pennsylvania home," and after O'Connor booked his second trip, the hotel "mailed [him] a brochure and traded phone calls with [him] for the purpose of forming an agreement to render spa services." Id. at 318. By directing mailings and phone calls to residents of the forum state and entering into a contract with the plaintiff for spa services as a result of the mailings, the hotel had availed itself of the laws of Pennsylvania.

In this case, Plaintiffs fail to elicit evidence that Rombec, either independently or through GCC, targeted its

15

advertising and marketing towards New Jersey.[5]  There is no specific assertion that either Rombec or GCC ever placed an advertisement in a New Jersey publication or maintained relationships with travel agents located in New Jersey.  The Court has no information as to how Plaintiffs came to learn of The Royal Caribbean resort, and there is no evidence that they were contacted in New Jersey or saw advertisements targeted at New Jersey residents concerning timeshares at the resort.  Nor is there any evidence demonstrating where Plaintiffs executed the Membership Agreement.  There is uncontroverted evidence, however, that Rombec does not solicit or advertise in New Jersey or target New Jersey residents.  (Corona Decl. ¶ 10.)

   Furthermore, Plaintiffs fail to demonstrate that personal jurisdiction may be exercised over Rombec based on the fact that Rombec, purportedly through GCC, entered into a contract with Plaintiffs.  In Burger King, the Supreme Court stated that "an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum."  Burger King, 471 U.S. at 478.  Courts must

---

5.  Plaintiffs assert in the "Introduction" section of their brief that Rombec and Operadora "either individually or through others acting on their behalf, solicited business from New Jersey residents or otherwise maintain contacts within the State of New Jersey," (Pls.' Opp. Br. 2), but Plaintiffs provide no facts to substantiate these conclusory assertions.

16

consider other factors, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," in determining whether the defendant purposefully established minimum contacts within the forum.  Id.  Plaintiffs provide no information for the Court to analyze whether any of these factors demonstrate that the Court should exercise personal jurisdiction over Rombec.

Plaintiffs simply fail to demonstrate that Rombec has purposefully availed itself of the privilege of conducting activities within New Jersey and has thereby invoked the benefits and protections of New Jersey laws.  See Asahi Metal, 480 U.S. at 109, 107 S. Ct. 1026.  Absent any demonstration that Rombec, independently or through GCC, directs advertisements to New Jersey, solicits New Jersey residents or has contacts with New Jersey residents in New Jersey, the Court finds that Plaintiffs fail to meet their burden of establishing that Rombec has purposefully availed itself of New Jersey laws for the pursuit of profit.

Having determined that Plaintiffs have not met their burden at this stage of the litigation of establishing "minimum contacts," the Court does not at this time consider whether the exercise of personal jurisdiction would "offend traditional

17

notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154.

Plaintiffs seek jurisdictional discovery in the event the Court finds the absence of personal jurisdiction. (Pls.' Opp. Br. 8.) In support of such request, Plaintiffs argue that the Membership Agreement references agreements between Rombec and GCC and that such agreements, which Plaintiffs do not have, may impact the jurisdictional analysis. (Id.)

"If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). While courts should generally allow jurisdictional discovery if there is the possibility that jurisdiction may exist, Plaintiffs here fail to demonstrate with any particularity that jurisdiction might exist. As noted above, the Court has already assumed that GCC is an agent of Rombec, yet there is still insufficient evidence that GCC reached into New Jersey to target New Jersey residents. Therefore, it is difficult to understand how allowing discovery into the relationship between GCC and Rombec would affect the

18

Court's jurisdictional analysis.[6] Moreover, the Court rejects Plaintiffs' argument that jurisdictional discovery is warranted based on the conclusory assertion that Rombec may owe Plaintiffs' certain duties which would thereby subject Rombec to jurisdiction in New Jersey.[7] Plaintiffs fail to allege any facts suggesting Rombec reached into New Jersey to target New Jersey residents. As such, Plaintiffs' request for jurisdictional discovery is denied.

---

6. The Court might take a different view of jurisdictional discovery if sufficient facts established that GCC had directed its activities at New Jersey. Under such circumstances it would seem proper to allow discovery as to whether GCC was acting on behalf of the property owner in targeting New Jersey residents especially since it appears that agreements of some kind exist between GCC and Rombec. However, as we have noted, Plaintiffs have only offered to prove that they entered into a contract with GCC, which in and of itself is an insufficient basis for jurisdiction over that entity. Although that issue is not squarely before us, if there exists substantial doubt that the agent is subject to personal jurisdiction, then the same would seem to hold true for the principal. We also note in this regard that jurisdictional discovery would not be necessary to uncover any facts that would suggest that GCC targeted New Jersey residents, as such facts would very likely reside with Plaintiffs who must know how they came to learn of The Royal Caribbean resort.

7. This argument appears to be premised on the notion that Rombec has a contractual obligation to GCC to maintain the resort and a general obligation to invitees not to act negligently. While those duties may exist, it does not necessarily follow that a breach of those duties may subject the wrongdoer to suit in some far away place. See O'Connor, 496 F.3d 312, 318 ("Contact with vacationing Pennsylvanians is no substitute for contact with Pennsylvania.").

19

**IV. CONCLUSION**

Plaintiffs have not met their burden of establishing a prima facie case that either specific or general personal jurisdiction exists over Rombec or Operadora. Plaintiffs' bare allegations in the complaint are not sufficient to make a prima facie showing that personal jurisdiction is proper. In the face of Defendants' jurisdictional challenge, supported by competent evidence, Plaintiffs have not supported the averments in their complaint that Rombec or Operadora had sufficient minimum contacts with New Jersey, nor have they provided with reasonable particularity the likely existence of the requisite contacts to warrant jurisdictional discovery. Moreover, the Court's conclusion that it lacks personal jurisdiction makes it unnecessary to consider the enforceability of the forum selection clause on the registration form signed by Plaintiffs, or the doctrine of forum non conveniens.

The motion of Rombec and Operadora to dismiss Plaintiffs' claims is therefore granted. An Order consistent with this Opinion will be entered.

Dated: December 12, 2011          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

20